UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| HOLLY CORWIN HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:21CV30-PPS/APR |
| ) | |
| ACELL INC. and INTEGRA LIFESCIENCES ) | |
| HOLDINGS CORP., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Holly Corwin Hicks sues her former employer ACell, Inc., alleging that she was fired after she developed a temporary disability. The defendants seek dismissal of the case because Hicks appears to have filed her lawsuit without satisfying the requirement of first exhausting her claim of discriminatory retaliation by submitting it to the Equal Employment Opportunity Commission. Because Hicks does not rebut the argument, the motion to dismiss, construed as a motion for summary judgment, will be granted.

The litigation began in state court, in Tippecanoe County, where Hicks filed a complaint against ACell in which she explained that in the fall of 2018, she learned that she was suffering from hip dysplasia that required surgery. [DE 5 at ¶8.] Hicks alleged that she advised ACell on February 19, 2019 that she would not be released to work until May 13, 2019, and would then require some reasonable temporary accommodations. [*Id*.] On or about April 1, Hicks received a phone call informing her that she was fired from her job. [*Id*. at ¶9.]

The state court complaint contained two causes of action – Count I for promissory estoppel, and Count II for retaliatory termination. [DE 5 at ¶¶10-17, ¶¶18-21.] ACell filed a Notice of Removal asserting that Count II arose under federal law, namely the Americans with Disabilities Act, 42 U.S.C. §1201 *et seq.*, in that Hicks claimed that she was retaliated against because of an alleged disability and her request for accommodations. [DE 1 at ¶6.] As a result, ACell reasoned, the case could be removed to federal court pursuant to 28 U.S.C. §1331 and §1441(a) because the complaint asserted a federal question. [*Id*. at ¶9.] Secondarily ACell asserted that diversity jurisdiction supported removal under §1441(b) and §1332(a) because it is a Delaware corporation with its principal place of business in Maryland, and Hicks is a "resident" of Indiana. [*Id*. at ¶¶10, 11.] The minimum amount in controversy was also claimed to be exceeded. [*Id*. at ¶¶12-14.] Hicks did not file a motion seeking remand to state court.

ACell then filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), arguing that Count I failed to state a claim for promissory estoppel and that Count II should be dismissed for Hicks' failure to administratively exhaust the ADA claim by the timely filing of a charge with the EEOC. [DE 11 at 1.] While the motion to dismiss was pending, Hicks filed a First Amended Complaint. [DE 17.] This time, Hicks sued not only ACell but also Integra Lifesciences Holding Corp., alleging that because Integra purchased ACell in January 2021 the two defendants are jointly and severally liable for her damages in the case. [*Id*. at ¶¶4, 9.] The First Amended Complaint also replaced the

2

previous two causes of action with a single claim expressly alleging violation of the ADA. [*Id.* at p.2.]

The defendants are back with another motion to dismiss, again on the ground of Hicks' failure to administratively exhaust. The motion invokes Fed.R.Civ.P. 12(b)(6), challenging the sufficiency of the complaint "to state a claim upon which relief can be granted." Because the issue of EEOC exhaustion is a matter that is not addressed in Hicks' First Amended Complaint, I applied Rule 12(d). Under that provision, if the court is to consider a "matter[] outside the pleadings," a motion made under Rule 12 must be treated as one for summary judgment under Rule 56 and the opponent given a "a reasonable opportunity to present all the material that is pertinent to the motion." Rule 12(d). On November 8, I issued an order explaining this conversion and granting Hicks through November 19 "to supplement her opposition to the motion by presenting all material pertinent to the issue of EEOC exhaustion." [DE 28 at 2.] That date has come and gone, and Hicks has not filed any supplemental opposition to ACell and Integra's argument that Hicks failed to exhaust her ADA claim.

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A motion for summary judgment has been described as the time in a lawsuit to "put up or shut up." *Grant v. Trustees of Indiana University*, 870 F.3d 562, 568 (7th Cir. 2017). The determination what material facts are undisputed is obviously critical in the

summary judgment context, and the rule requires the parties to support facts, and disputes of fact, by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." s Fed.R.Civ.P. 56(c)(1).

Before a plaintiff files a lawsuit under the ADA, she must file an administrative charge with the EEOC. *See* 42 U.S.C. §12117(a) (adopting Title VII enforcement procedures for ADA claims), §2000e-5(f)(1) (requiring administrative exhaustion before a suit is filed in court). The exhaustion requirement "serves a dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employe[r] some warning of the conduct about which the employee is aggrieved." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (internal citations omitted). Because Indiana is a so-called "deferral" state with respect to ADA claims, a charge is timely if filed "within 300 days 'after the alleged unlawful employment practice occurred.'" *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004) (quoting 42 U.S.C. §2000e-5(e)(1)). *See also Marzullo v. NLMK Indiana, LLC*, 2:18-CV-476-TLS, 2021 WL 1089796, *11 (N.D.Ind March 2, 2021) (Springmann, J.). If a plaintiff does not file her charge within this window, the "claim is time-barred and [s]he may not recover." *Roney v. Ill. Dept. of Transp.*, 474 F.3d 455, 460 (7th Cir. 2007). Because the allegedly unlawful termination occurred in April 2019, the time for Hicks to pursue relief in the EEOC has passed.

4

The failure to file a timely charge with the EEOC is an affirmative defense, and the plaintiff is not required to plead that she has met the requirement. *Salas v. Wisconsin Dept. of Corrections*, 493 F.3d 913, 921 (7th Cir. 2007), citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Neither of Hicks' complaints made any reference to a filing with the EEOC. In response to the pending motion to dismiss, Hicks addressed only an alternative argument concerning whether defendant Integra is a proper or necessary party. [DE 22.] Hicks offered no response to the principal dispositive argument concerning EEO exhaustion of her ADA claim. ACell and Integra made this observation both in their reply memo and in their later-filed "Motion for Ruling on Defendants' Motion to Dismiss," in which they urged a quick ruling on the dispositive motion to spare wasted effort and fees in the pursuit of discovery. [DE 27.] Even after I construed the motion as one for summary judgment and allowed Hicks additional time to address the exhaustion issue with whatever evidence or argument she could muster, she has not done so. Plaintiff has filed no opposition or other response to the Motion for Ruling. By failing to respond to the exhaustion argument, as asserted in both the renewed motion to dismiss and the motion for ruling, plaintiff has failed to contend that she did in fact satisfy the requirement of a timely EEO charge, or that there is any basis for tolling, waiver, estoppel or another legal excuse from the required exhaustion.

I am persuaded that ACell and Integra are entitled to summary judgment on Hicks' First Amended Complaint. I have construed their motion as one for summary judgment and allowed Hicks the opportunity to offer evidence on the issue raised. But

5

Hicks has not addressed the question, and does not suggest or adduce evidence that she filed the necessary precursor charge with the EEOC alleging the ADA violation she now claims in this action. In view of that failure, and because the time for submitting an EEOC charge based on Hicks' allegations has long since expired, ACell and Integra are entitled to judgment as a matter of law.

**ACCORDINGLY:**

Defendants ACell, Inc. and Integra Lifesciences Holdings Corp.'s Motion for Ruling on Defendants' Motion to Dismiss [DE 27] is GRANTED.

Defendants ACell, Inc. and Integra Lifesciences Holdings Corp.'s Motion to Dismiss [DE 22], construed as a motion for summary judgment [DE 28], is GRANTED. Defendants ACell and Integra are granted summary judgment on Hicks' First Amended Complaint for plaintiff's failure to file a timely EEOC charge prior to filing suit for violation of the Americans with Disabilities Act.

SO ORDERED.

ENTERED: November 22, 2021.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**