**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| **HOLLY CORWIN HICKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **4:21CV30-PPS/APR** |
| | ) | |
| **ACELL INC. and INTEGRA LIFESCIENCES HOLDINGS CORP.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Holly Corwin Hicks alleges that she was fired in violation of the Americans with Disabilities Act. This case is before me for the second time for ruling on a motion to dismiss that has been converted to a motion for summary judgment. Before getting into the merits, I need to start with the messy procedural posture. On November 22, 2021, I entered an opinion granting a motion to dismiss (construed as a motion for summary judgment) based on a determination that Hicks failed to administratively exhaust her ADA claim with the EEOC. [DE 29.] But a month later I granted Hicks' motion to reconsider and vacated that prior judgment. [DE 41.] At the same time, as Hicks' retiring counsel was granted leave to withdraw, I accepted his supplemental filing on her behalf [DE 42] and granted his request that Hicks be given time to obtain a new attorney who would be permitted to file an amended supplemental opposition to defendants' reanimated dispositive motion. [DE 41, 22, 28.] Hicks reports that she has been unable to engage a new attorney. [DE 43.] After an extension of time was granted, Hicks has filed a pro se "Additional Response to Defendants' Motion to Dismiss" [DE

45] and defendants have filed their Supplemental Reply [DE 46]. The matter is now fully briefed and again ripe for ruling.

Hicks' First Amended Complaint alleges that she was fired by defendant ACell, Inc. in retaliation for seeking accommodations to which she was entitled under the ADA relating to her hip dysplasia. [DE 17 at ¶14-21.] Hicks also named Integra LifeSciences Holding Corporation as a co-defendant based on the allegation that ACell was purchased by Integra in January 2021. [*Id*. at ¶4.] When I granted the dispositive motion the first time, I found that Hicks had not rebutted the defendants' contention that she filed her lawsuit without satisfying the statutory requirement of first exhausting her ADA claim with the EEOC. [DE 29 at 6.] In support of her motion to reconsider, Hicks asserted that she had exhibits that "clearly demonstrate that the Plaintiff made a good faith effort to make her claim with the EEOC prior to filing her lawsuit." [DE 33 at 2.] Unfortunately for Hicks, a good faith effort is not sufficient, and the only excuse she offers — the negligence of her then attorney — is one that the law rejects.

Before a plaintiff files a lawsuit under the ADA, she must file an administrative charge with the EEOC and receive a Right to Sue letter. *See* 42 U.S.C. §12117(a) (adopting Title VII enforcement procedures for ADA claims), §2000e-5(f)(1) (requiring administrative exhaustion before a suit is filed in court); *Chaidez v. Ford Motor Company*, 937 F.3d 998, 1004 (7th Cir. 2019); *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009) ("Under the ADA a plaintiff must file suit within ninety days of receiving notice of his right to sue."). The exhaustion requirement "has two purposes: first, it allows the

EEOC and the employer an opportunity to settle the matter, and second, it ensures that the employer has adequate notice of the conduct the employee is challenging." *Chaidez* 937 F.3d at 1004, citing *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009).

Because Indiana is a so-called "deferral" state with respect to ADA claims, a charge is timely if it is filed "within 300 days 'after the alleged unlawful employment practice occurred.'" *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004) (quoting 42 U.S.C. §2000e-5(e)(1)). *See also Marzullo v. NLMK Indiana, LLC*, 2:18-CV-476-TLS, 2021 WL 1089796, *11 (N.D.Ind March 2, 2021) (Springmann, J.). If a plaintiff does not file her charge within this window, the "claim is time-barred and [s]he may not recover." *Roney v. Ill. Dept. of Transp.*, 474 F.3d 455, 460 (7th Cir. 2007), citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109-10 (2002). Nevertheless, "exhaustion is not a jurisdictional requirement," but a "precondition" for bringing the discrimination claim in federal court, "subject to the doctrines of waiver, estoppel, and equitable tolling." *Ameritech Ben. Plan C'tee v. Communication Workers of America*, 220 F.3d 814, 829 (7th Cir. 2000).

The termination Hicks challenges occurred on or about April 1, 2019. [DE 17 at ¶21.] So the time for Hicks to pursue relief from the EEOC passed on or about January 26, 2020. It is uncontested that Hicks never filed a charge of discrimination with the EEOC or received a Right to Sue letter. [DE 45 at ¶¶5, 8.] Before his withdrawal, Hicks' attorney offered exhibits into the record in an attempt to persuade the court that Hicks' efforts at administrative exhaustion were sufficient and she should not be deemed to

have failed to exhaust. [DE 42 at 1-2.] These exhibits include a completed EEOC Inquiry Information questionnaire Hicks submitted to the EEOC on July 22, 2019. [DE 42 at 5, 7-12.]

Hicks cannot successfully contend that the Inquiry Information itself sufficed as a charge of discrimination. Although the defendants have not addressed this possibility, because Hicks is proceeding *pro se*, I have inquired into the issue myself. In *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), an ADEA case, the Supreme Court approved the EEOC's construction of the term "charge," treating an Intake Questionnaire filed with a detailed affidavit as a "charge" if the document "taken as a whole, should be construed as a request by the employee for the agency to take whatever action is necessary to vindicate her rights." *Id*. at 398-99. In so doing, the court rejected the employee's contention that "a charge need contain only an allegation of discrimination and the name of the employer," finding that "[f]or efficient operations, and to effect congressional intent, the agency requires some mechanism to separate information requests from enforcement requests." *Id*. at 401.

The court expressed the conclusion that: "[i]n addition to the information required by the regulations, *i.e.*, an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Id*. at 402. The court suggested that this "means the filing must be examined from the standpoint of an objective observer to

determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes." *Id*. In *Holowecki*, the Intake Questionnaire itself was not sufficient under this standard to constitute a charge of discrimination, but the detailed affidavit filed with it concluded with an express request for the EEOC to "force Federal Express to end their age discrimination plan....," and that met the standard's requirements. *Id*. at 405.

In *Holowecki's* wake, the Seventh Circuit has repeatedly emphasized the necessary element of the filer's request for remedial action. *See Amen Ra v. BNSF Railway Company*, 795 Fed.Appx. 463, 465 (7th Cir. 2020) (the intake letter is not a charge because it "did not request relief or launch an investigation"); *Carlson v. Christian Brothers Services*, 840 F.3d 466 (7th Cir. 2016) (the filing "did not request remedial action, and so was not a charge"); *Fugate v. Dolgencorp, LLC*, 555 Fed.Appx. 600, 604-05 (7th Cir. 2014); *E.E.O.C. v. Watkins Motor Lines, Inc.*, 553 F.3d 593, 597-98 (7th Cir. 2009).

In this case, the "Inquiry Information" form Hicks completed about ACell contains no language at all that could be construed as a request for the EEOC to take remedial action. Indeed, three times on the first page of the form the matter is referred to as an "inquiry,"or even "initial inquiry." [DE 43-1 at 8.] Further distinguishing itself from a charge, the form includes the "Approximate Deadline for Filing a Charge" as January 25, 2020, and refers to Hicks as the "Potential Charging Party." [*Id*. at 8, 9.] Although Hicks provides detailed information about herself and her allegations of treatment she believed violated the ADA, she included no request for investigation or

other action by the EEOC. Under *Holowecki*, the Inquiry Information Hicks provided to the EEOC was not itself a charge as required by the ADA.

Counsel represents that prior to his engagement, Hicks attempted to schedule an intake appointment using the EEOC Public Portal online, but was advised no appointments were available. [DE 42 at 2, ¶3; DE 42 at 14.] Hicks says she was never able to make an in-person appointment via the online portal, or to schedule a telephonic intake appointment after the EEOC announced a switch to that platform due to the COVID-19 pandemic. [DE 42 at 20-21.] But by then, Hicks was represented by an attorney who failed to see her administrative exhaustion through. To that end, counsel sent the EEOC a letter in August 2019 advising that he represented Hicks on her claim against ACell. [DE 42 at 16.]

In the meantime, ACell and Integra have discovered that Hicks has sued her former lawyer for legal malpractice. And many things that Hicks has said in that malpractice case have made her position in this case untenable. In Hicks' state court complaint against her former attorney, she represents that "[o]n August 22, 2019, [counsel] advised [Hicks] in writing that EEOC phone interviews were available in November, but no interview or other EEOC Charge procedures were accomplished or facilitated by Defendants." [DE 46-1 at ¶31.] In September 2020, counsel sent the EEOC a packet outlining Hicks' efforts to submit an EEOC claim about her termination, requesting the issuance of a Right to Sue letter, and inquiring about extension of the time for filing a lawsuit in view of the apparent backlog of claims inquiries. [DE 42 at 18-28.]

In her malpractice complaint, Hicks further alleges that "[d]espite [Hicks'] continuing and persistent inquiries, [counsel] never advised [Hicks] that her case was in jeopardy or that the proper and timely filing of an EEOC Charge was an issue that may defeat her case, but rather [counsel] merely and falsely advised [Hicks] that there was no problem or issue so long as a Complaint was filed against her prior employer within a period of two years from the date of her termination[.]" [DE 46-1 at ¶34.] Hicks also claims that she was deceived by her attorney's false and negligent representations concerning "a proper and timely EEOC Charge as a condition precedent to litigation," as well as counsel's "negligent and futile efforts in perfecting such EEOC Charge." [*Id.* at ¶35.]

Another possibility ignored by defendants is that Hicks should be excused from the exhaustion requirement because the EEOC is to blame. I have found cases suggesting that in certain circumstances, such an excuse may be valid. "[A]ny deficiency in the EEOC's performance of its duties should not adversely affect a plaintiff's right to sue." *Forehand v. Florida State Hosp.*, 89 F.3d 1562, 1570-71 (11th Cir. 1996). *See also White v. Dallas Indep. Sch. Dist.*, 581 F.2d 556, 562 (5th Cir. 1978) (en banc): "We think that the EEOC's failure to follow its own regulations sufficiently misled Mrs. White and that their mistakes should not redound to her detriment."

But Hicks' own allegations in the state action negate any suggestion that the failure to exhaust can be attributed to the EEOC's inaction during the COVID pandemic: "[o]n January 19, 2021, Defendant Pinkus advised Plaintiff via E-Mail that 'very little is

getting done in the courts or with the EEOC' because of COVID restrictions, *which statement is false in respect to the ability to file an EEOC Charge* or a file a Complaint in court." [*Id*. at ¶36 (emphasis added).] The malpractice complaint appears to concede that Hicks' ADA claim is defeated by the lack of administrative exhaustion and that her remedy is instead her claim against her former attorney. [*Id*. at ¶61.]

After counsel's departure, Hicks resumed her *pro se* efforts to obtain a Right to Sue letter, as she has explained in her supplemental responses to the motion to dismiss. [DE 43, 45.] On January 19, 2022, Hicks sent a letter of her own to the EEOC reciting the history of her and her attorney's efforts to initiate an EEOC charge, and requesting that she be issued a Right to Sue letter. [DE 43-1 at 2-3.] Hicks attempted to obtain the status of her EEOC inquiry via the online portal, but received a response that no information was available because "Inquiry 470-2019-03612 has been closed for more than 90 days." [DE 43-1 at 24.] Hicks' untimely efforts have borne no fruit. Defendants point out that "[t]here is no evidence ACell ever received a copy of [Hicks' unverified] questionnaire or was on notice that Hicks intended to file an EEOC Charge." [DE 46 at 9.]

Defendants argue that Hicks offers only one reason — her attorney's negligence — for failing to timely file an EEOC charge, but that legal malpractice does not excuse the lack of administrative exhaustion. [DE 46 at 1.] As Judge Barker of the Southern District of Indiana has explained: "it is well-established that attorney negligence is an insufficient basis on which to toll the statutory deadline for filing an administrative complaint with the EEOC." *Kennedy v. Stericycle Inc.*, 2014 WL 4370775, at *4 (S.D.Ind.

Sept. 3, 2014), citing *Modrowski v. Mote*, 322 F.3d 965, 967-68 (7th Cir. 2003) (collecting cases). The Seventh Circuit has held that "attorney negligence is not extraordinary and clients...must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." *Modrowski*, 322 F.3d at 968 (internal quotation omitted).

Only three circumstances have been identified that toll filing deadlines in discrimination cases: "when a plaintiff exercising due diligence cannot within the statutory period obtain the information necessary to realize that she has a claim...; when a plaintiff makes a good-faith error such as timely filing in the wrong court...; or when the defendant prevents a plaintiff from filing within the statutory period." *Porter v. New Age Services Corp.*, 463 Fed.Appx. 582, 584 (7th Cir. 2012) (citations omitted). The errors of Hicks' counsel involved none of these, and cannot excuse her failure to file an EEOC claim or receive a Right to Sue letter.

**Conclusion**

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A motion for summary judgment has been described as the time in a lawsuit to "put up or shut up." *Grant v. Trustees of Indiana University*, 870 F.3d 562, 568 (7th Cir. 2017). Holly Corwin Hicks has been given a second opportunity to demonstrate that she should be allowed to proceed with her ADA claim about her treatment by defendant ACell. I have considered every option potentially available to Hicks to avoid the

consequences of her failure to exhaust an administrative remedy for her claims under the ADA, and find that none of them provides her cover for the failure. Defendants' motion to dismiss, construed as a motion for summary judgment, will therefore be granted.

**ACCORDINGLY:**

Defendants ACell, Inc. and Integra Lifesciences Holdings Corp.'s Motion to Dismiss [DE 22], construed as a motion for summary judgment [DE 28], is GRANTED.

Defendants ACell and Integra are granted summary judgment on Hicks' First Amended Complaint for her failure to file a timely EEOC charge prior to bringing suit for violation of the Americans with Disabilities Act.

SO ORDERED.

ENTERED: July 13, 2022.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**